UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Cristopher Alejandro Lara Gonzalez, et al.

      v.                                                                      Civil No. 1:26-cv-133-SE-TSM

FCI Berlin, Warden, et al.

PRELIMINARY ORDER


Cristopher Alejandro Lara Gonzalez filed a petition for a writ of habeas corpus on February 24, 2026, contesting his detention and requesting, inter alia, a bond hearing. See doc. no. 1. With his petition, Mr. Le filed an emergency motion for a temporary restraining order asking the court to enjoin his transfer or removal during the pendency of the habeas proceedings. See doc. no. 5.

**I.      Show cause order**

The petitioner asserts that his current detention violates, inter alia, his Fifth Amendment right to due process. The petitioner's claim for relief appears, in part, to be substantially similar to that asserted by a different petitioner in this court, in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424 (D.N.H. Dec. 24, 2025). There the court found that ICE's detention of the petitioner without a bond hearing violated the Fifth Amendment's Due Process Clause.

The petitioner also appears to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025).

The respondents are directed to show cause, on or before **March 2, 2026**, as to why the court should not issue an order granting the petition in this case to the extent of ordering the

government to afford the petitioner a bond hearing, pursuant to the petitioner's Fifth Amendment due process rights, consistent with the court's analysis in Destino and/or based upon his apparent membership in the class certified in Guerrero Orellana.

## II.     Notice of Transfer

While this case remains pending, the petitioner shall not be transferred outside the District of New Hampshire or outside the jurisdiction of the United States unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket of this proceeding, and shall state the reason for the necessity of such action and why the move should not be stayed pending further court proceedings. Once that notice has been docketed, the petitioner shall not be moved out of the district of his detention for a period of at least 72 hours from that docketing.

The petitioner's emergency motion for temporary restraining order is granted in part and denied in part, consistent with the above order, without prejudice to further review at the respondents' request.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

February 24, 2026

cc: Christopher Alejandro Lara Gonzalez, pro se
    Dasner Obregon Tejeda, pro se